NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-676

COMMONWEALTH

<u>vs</u>.

CRISTIAN N. TAVARES.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

In 2019, the defendant tendered an admission to sufficient facts to warrant a finding of guilty on one charge of assault and battery by means of a dangerous weapon (ABDW), in violation of G. L. c. 265, § 15A (b).  A District Court judge continued the case without a finding, and the charge was dismissed after one year.  In 2025, the defendant moved to vacate his conviction, see Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), claiming that plea counsel had failed to advise him adequately about the immigration consequences of his plea and thus provided ineffective assistance.  The same judge who had accepted the defendant's plea denied the defendant's motion, and the defendant appealed therefrom.  We affirm.

Background.  In 2018, the defendant was arrested and charged with ABDW after he used his cleated foot to kick a soccer referee who had made an adverse call against him.  An attorney (plea counsel) was appointed to represent him, and the matter was scheduled for a jury trial.  On May 29, 2019, the scheduled trial date, the defendant admitted to sufficient facts on the ABDW charge, and, with the defendant's agreement, the judge continued the matter without a finding for one year.  In May 2020, the ABDW charge was dismissed.

In May 2025, the defendant filed a motion to vacate his conviction, contending that plea counsel failed to adequately advise him of the immigration consequences of his plea.  See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The motion was supported by affidavits of the defendant and plea counsel.[1]  The defendant's account of plea counsel's advice regarding immigration consequences was limited to one statement: "I remember my attorney telling me I could end up in deportation proceedings."  Plea counsel averred that he did not recall the immigration warnings he provided to the defendant, but that his "standard practice" at the time was to advise clients that "[t]he plea will likely result in removal proceedings, denial of

_____

[1] Neither affidavit provides any detail about the defendant's immigration status.  There appears to be no dispute that the defendant is not a citizen of the United States.

2

naturalization, and or refusal to allow you back into the country."

The judge did not hold a hearing on the motion. In a margin endorsement, the judge found that the defendant was "properly advised" of the immigration consequences of the plea and explained that his ruling was based on the affidavit of plea counsel and the recording of the plea hearing.[2] This appeal followed.

Discussion. 1. Standard of review. In the context of a motion to withdraw a plea, "[a]n admission to sufficient facts is treated as a plea of guilty." Commonwealth v. Furr, 454 Mass. 101, 101 n.1 (2009). "A motion to withdraw a guilty plea is treated as a motion for a new trial." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).

To succeed on a motion to withdraw a guilty plea based on ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. See Commonwealth v. Clarke, 460 Mass. 30, 46-47 (2011). That is, the defendant must

_____

[2] For reasons that are not clear to us, the judge's margin endorsement was not included in the defendant's record appendix nor as an addendum to the defendant's brief. See Mass. R. A. P. 16 (a) (13) (B), as appearing in 481 Mass. 1628 (2019) (addendum to brief "shall" include "any appealed judgment or order [including any . . . pertinent handwritten or oral endorsement . . . made by the lower court]"). The endorsement came to our attention as part of the assembly of the record.

demonstrate that plea counsel failed to provide constitutionally adequate advice and that he would have insisted on going to trial had he been competently counseled. See Commonwealth v. Sylvain, 466 Mass. 422, 437-438 (2013), S.C., 473 Mass. 832 (2016); Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451-452 (2015). The defendant bears the burden of proof "and a judge is entitled to discredit affidavits he or she does not find credible." Commonwealth v. Marinho, 464 Mass. 115, 123 (2013). We review a judge's action on a motion to withdraw a guilty plea for an abuse of discretion or a significant error of law. See DeJesus, 468 Mass. at 178.

2. Challenge to plea counsel's performance. The judge denied the defendant's motion based in part on his review of a recording of the plea hearing. The defendant has not provided us with either a copy or transcript of that recording. Because the inquiry into the adequacy of an immigration warning turns on the complexity of immigration law in its application to the specific facts of each case, see, e.g., Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 396-397 (2012), we cannot determine on this incomplete record whether the judge abused his discretion in concluding that the defendant was properly advised of the immigration consequences of his plea. This is reason enough to affirm the judge's ruling. See Mass. R. A. P. 8 (a), (b) (1) (A), as appearing in 481 Mass. 1611 (2019) (appellant's

4

obligation to order transcripts); Commonwealth v. Woods, 419 Mass. 366, 371 (1995) ("The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate").

Moreover, even if we had the hearing transcript, the record before us is still missing key elements needed to support the defendant's claim of ineffective assistance. See Henry, 88 Mass. App. Ct. at 452 ("defendant bears the substantial burden" of proof when alleging ineffective assistance of counsel). To the extent that the defendant's affidavit could be read to aver that plea counsel failed to provide constitutionally adequate immigration warnings -- i.e., that his admission to sufficient facts on the ABDW charge would make it "practically inevitable" that he would be rendered inadmissible to the United States if he left the country,[3] DeJesus, 468 Mass. at 181 -- the judge

---

[3] It is not disputed that for Federal immigration purposes, the defendant's admission to sufficient facts on a charge of ABDW was the equivalent of pleading guilty to a "crime involving moral turpitude" and that the plea therefore rendered the defendant "inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I). See Commonwealth v. Cano, 87 Mass. App. Ct. 238, 239 n.1, 245-246 & n.16 (2015). See also Commonwealth v. Valdez, 475 Mass. 178, 185 (2016) ("it is virtually inevitable that an individual who is ineligible for admission based on a criminal conviction under 8 U.S.C. § 1182[a][2] will be deemed inadmissible to the United States upon arrival"). Where the immigration consequences of a plea are "succinct, clear, and explicit," Padilla v. Kentucky, 559 U.S. 356, 368 (2010), plea counsel is obligated to provide immigration advice about the "practically inevitable" consequence that the plea would render the defendant inadmissible. DeJesus, 468 Mass. at 181.

5

could have (and, we infer, did) discredit the defendant's representations as "merely self-serving." Sylvain, 466 Mass. at 439. In his affidavit, plea counsel set out his "standard practice" for providing immigration warnings but stated that he "[could]n't recall the exact warnings" that he gave to the defendant in this case. Plea counsel's lack of memory does not create an inference that he did not advise the defendant of immigration consequences. See Commonwealth v. Hudson, 446 Mass. 709, 715-716 & n.4 (2006); Commonwealth v. Mizrahi, 100 Mass. App. Ct. 690, 696 n.9 (2022). Cf. Commonwealth v. Lys, 481 Mass. 1, 6 (2018) (lack of affidavit from plea counsel "need not create an inference that the defendant's affidavit must be credited" where defendant alleged lack of warning about immigration consequences of plea). On this record, the judge could properly have concluded, as we infer he did, that the defendant did not carry his burden of demonstrating that counsel failed to provide adequate advice about the immigration consequences of the defendant's plea.

Given this conclusion, we need not and do not reach the defendant's argument that he was prejudiced by counsel's inadequate advice. See DeJesus, 468 Mass. at 182-183 (ineffective assistance claim requires defendant to prove both substandard practice and resulting prejudice).

6

3. Defendant's additional arguments. The statement of the case in the defendant's brief includes this sentence: "On or about May 5th, 2025, the court denied the Motion to Vacate Conviction on the papers without a hearing." To the extent that the defendant challenges the correctness of the judge's decision not to hold a hearing on the motion, he failed to raise or support that argument in his brief, and we do not consider it. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019); Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020) (claims not adequately argued on appeal are waived).

In a similar vein, the defendant argues for the first time on appeal that plea counsel failed to conduct an adequate investigation into the defendant's immigration status before advising him about the immigration consequences of his plea. See Commonwealth v. Lavrinenko, 473 Mass. 42, 52-53 (2015). Because the defendant did not raise that argument in his motion to vacate his conviction, it is waived and we do not consider it. See Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass.

1501 (2001); Commonwealth v. Hampton, 64 Mass. App. Ct. 27, 33 n.8 (2005).

Order denying motion for new trial affirmed.

By the Court (Neyman, Hand & Hershfang, JJ.[4]),

Clerk

Entered: July 27, 2026.

---

[4] The panelists are listed in order of seniority.